IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FELIPE PAYAN,
     Plaintiff,

v.                                    Cause No. **3:25-cv-00144**

TPUSA, INC.
    d/b/a TELEPERFORMANCE USA
    d/b/a TELEPERFORMANCE,
     Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, Felipe Payan ("Employee Payan" or "Plaintiff"), now complains of Defendant, TPUSA, Inc. d/b/a Teleperformance USA, d/b/a Teleperformance ("Employer Teleperformance" or "Defendant"), and respectfully shows the Court and jury as follows:

### I. PARTIES.

1. Plaintiff, Felipe Payan, is a natural person residing in El Paso, Texas.

2. Defendant, TPUSA, Inc. d/b/a Teleperformance USA, d/b/a Teleperformance, is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving Defendant's registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

### II. JURISDICTION.

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Diversity between the Parties exists because Plaintiff is a natural person domiciled in the State of Texas, and Defendant is a for-profit corporation

incorporated in the State of Delaware, with Defendant's principal place of business located in the State of Utah.

### III. FACTS OF THE CASE.

4. Employers MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees from financial losses and emotional harms due to job loss.

5. Employers MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

6. Employers MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees from financial injuries and emotional trauma.

7. TPUSA, Inc. d/b/a Teleperformance USA, d/b/a Teleperformance is an employer.

8. Employer Teleperformance MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees from financial losses and emotional harms due to job loss.

9. Employer Teleperformance MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

10. Employer Teleperformance MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees from financial injuries and emotional trauma.

11. On or about March 1, 2023, Employer Teleperformance hires an Employee as a Financial Customer Service Representative, with a start date of April 10, 2023.

12. From April 10, 2023 through early-May 2023, Employer Teleperformance has the Employee in training.

13. On April 10, 2023, Employer Teleperformance Trainer Victoria Cardenas receives verbal notice from the Employee that the Employee has a disability, avascular necrosis in both hips, giving the Employee an abnormal gait.

14. On April 10, 2023, Employer Teleperformance Trainer Victoria Cardenas receives the Employee's verbal request for a reasonable accommodation for the Employee's disability in the form of allowing the Employee to wear open-toed, strapless sandals, which helps Employee with walking due to better blood flow.

15. On or about April 10, 2023, Employer Teleperformance Trainer Victoria Cardenas grants the Employee's request for a reasonable accommodation in the form of allowing the Employee to wear open-toed, strapless sandals.

16. But on April 18, 2023, Employer Teleperformance Trainer Victoria Cardenas rescinds her grant of the reasonable accommodation, and prohibits the Employee from wearing open-toed, strapless sandals.

17. Thereafter, on or about April 20, 2023, Employer Teleperformance Benefits and ADA Administrator Melissa Halstenson receives written notice from the Employee that the Employee has this disability, avascular necrosis in both hips, and a written request for a reasonable accommodation for the Employee's disability in the form of allowing the Employee to wear open-toed, strapless sandals.

18. From April 24 to April 26, 2023, Employer Teleperformance HR Business Partner Director Irma Juarez receives the Employee's email requests for a reasonable accommodation for the Employee's disability in the form of allowing the Employee to take a one-hour lunch instead of 30 minutes because he moves slower than normal

19. On or about early-May 2023, Employer Teleperformance moves the Employee to the production floor.

20. On or about early-May 2023, Employer Teleperformance Supervisor Art LNU receives verbal notice from the Employee that the Employee has a disability, avascular necrosis in both hips, giving the Employee an abnormal gait.

21. On or about early-May 2023, Employer Teleperformance Art LNU receives the Employee's verbal request for a reasonable accommodation for the Employee's disability in the form of an ergonomic chair for the Employee to use on the production floor. Specifically, Employer Teleperformance Art LNU receives the Employee's verbal request for Employer Teleperformance to permit, as a reasonable accommodation for the Employee's disability, the Employee to use, on the production floor, one of the chairs Employer Teleperformance *already has* in Teleperformance's training room.

22. That same day, Employer Teleperformance Art LNU grants the Employee permission to use, on the production floor, one of Employer Teleperformance's chairs from Teleperformance's training room.

23. On or about May 12, 2023, Employer Teleperformance Benefits and ADA Administrator Melissa Halstenson receives the Employee's email attaching a letter and ADA forms from the Employee's medical provider requesting the Employee work with the requested accommodations of being allowed to wear open-toed shoes and take a one-hour lunch.

24. On or about May 16, 2023, Employer Teleperformance Benefits and ADA Administrator Melissa Halstenson grants the Employee's request for a reasonable accommodation in the form of allowing the Employee to wear open-toed shoes.

25. *That same day*, May 16, 2023, Employer Teleperformance Supervisor Christina Williams removes the training chair from the Employee's work station on the production floor, and replaces the chair with a broken and dilapidated chair.

26. That same day, an Employer Teleperformance Supervisor, whose name is unknown, receives the Employee's complaint that the chair was removed.

27. Employer Teleperformance's Supervisor, whose name is unknown, tells the Employee that Supervisor Williams removed the chair, and will not grant the reasonable accommodation, because the chair from the training room "does not match" the decor of the production floor.

28. That same day, May 16, 2023, Employer Teleperformance Benefits and ADA Administrator Melissa Halstenson receives the Employee's email complaint that the chairs on the production floor, one of which he is using, are too low and cut off the Employee's blood circulation due to the Employee's disability -- avascular necrosis in both hips.

29. From May 16, 2023, through June 23, 2023, Employer Teleperformance's Human Resources Kelly Edwards, Human Resources Business Partner Melissa Delgadillo, HR Business Partner Director Irma Juarez, Benefits and ADA Administrator Melissa Halstenson, and Teleperformance's Maintenance Department receive the Employee's repeated requests for reasonable accommodations in the form of allowing the Employee to take a one-hour lunch, and to use, on the production floor, one of the chairs Employer Teleperformance *already has* in Teleperformance's training room.

30. On June 23, 2023, Employer Teleperformance Supervisor George LNU escorts the Employee to the door, takes the Employee's badge, and later calls the Employee and terminates the Employee's employment.

31. That Employee is Felipe Payan.

## IV. CAUSES OF ACTION.

Disability Discrimination and Retaliation

32. Plaintiff was discriminated, retaliated against, and fired in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, which protects disabled employees from discrimination and retaliation.

## V. NOTICE OF RIGHT TO FILE A CIVIL ACTION.

33. Attached as Exhibit A is the Notice of Right to File a Civil Action by the State of Texas for Plaintiff.

## VI. CONDITIONS PRECEDENT.

34. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VII. DAMAGES AND LOSSES.

35. As a direct and proximate result of Defendant's discrimination, retaliation, and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include, in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VIII. EXEMPLARY DAMAGES.

36. Plaintiff is entitled to recover punitive damages against Defendant because Defendant acted with malice, or, at least, with reckless and/or conscious indifference to Plaintiff's state-

protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## IX. JURY DEMAND.

37. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## X. COURT COSTS.

38. Plaintiff is entitled to recover Plaintiff's court costs.

## XI. PRAYER.

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following: actual damages, including, but not limited to, pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, benefits, loss of earning capacity, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity.

SIGNED on April 23, 2025.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By:    _____
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Christine A. Chavez-Osterberg, State Bar No. 24109717
cachavez@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*